# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Date Purchased

-------------------------------------------------------------------------X
ERICA T. YITZHAK, THE LAW OFFICES OF ERICA
T. YITZHAK and ERICA T. YITZHAK, Esq. P.C., ,

Index No.

Plaintiff,

**SUMMONS WITH NOTICE**

-against-

**PLAINTIFF DESIGNATES**
New York County as the
Place of Trial

PAUL WILLIAM VERNER, VERNER and SIMON,
VERNER and SIMON, P.C., VERNER and SIMON,
LLP,

The basis of venue
is CPLR § 503 and 509

Defendants.

-------------------------------------------------------------------------X

County of New York

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a

copy of your answer, or if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's Attorney within 20 days after the service of the summons, exclusive of

the day of service (or within 30 days after service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
        November 14, 2022

Andrew Lavoott Bluestone
80 Chambers Street   8th Floor
New York, New York 10007
(212) 791-5600
alb@bluestonelawfirm.com

**NOTICE:** The relief sought is money damages in Legal Malpractice, Breach of Fiduciary Duty and
Breach of Contract. **Upon your failure to appear, judgment will be taken against you by default
for a sum of $ Two Million (Two Million Dollars) and in excess of the jurisdiction of all lower
courts, with interest and the costs of this action.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
ERICA T. YITZHAK, THE LAW OFFICES OF ERICA
T. YITZHAK and ERICA T, YITZHAK, Esq. P.C.,

                              Plaintiffs,

        -against-

PAUL WILLIAM VERNER, VERNER and SIMON,
VERNER and SIMON, P.C., VERNER and SIMON,
LLP,

                            Defendants.
-------------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

      Erica Yitzhak, The Law Offices of Erica T. Yitzhak and Erica T. Yitzhak, Esq. P.C.,

(collectively, "Plaintiff" or "Yitzhak"), by their attorney ANDREW LAVOOTT BLUESTONE,

allege as follows:

1.    **Erica T. Yitzhak** is an individual, an attorney, and resides in Nassau County, New York.

2.    **The Law Offices of Erica T. Yitzhak** is an entity, a law firm whose principle is Erica T.

Yitzhak and whose principal place of business is Nassau County, New York.

3.    **Erica T. Yitzhak, Esq. P.C.** is a professional corporation, a law firm whose principle is

Erica T. Yitzhak and whose principal place of business is Nassau County, New York.

4.    **Troy Lambe** ("Lambe") is an individual, whose residence is in New Jersey at 546 South

Cooks Bridge Road, Jackson, N.J. 08572.

5.    **Paul Verner** is an individual, an attorney, who maintains a residence in New Jersey and

Colorado, maintains a law office in New Jersey as well as maintains an office for the practice of

law at 30 Wall Street, FL 8, New York, New York in New York County.

6.      **Verner and Simon** is a partnership or other entity, maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, FL 8, New York, New York in New York County.

7.      **Verner & Simon, P.C.** is a Professional Corporation, or other entity which maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, FL8, New York, New York in New York County.

8.      **Verner & Simon, LLP** is a Limited Liability Partnership, which maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, Fl 8, New York, New York in New York County.

9.      Paul Verner, Verner and Simon, Verner & Simon P.C. and Verner & Simon, LLP are collectively referred to as "Defendants" or "Verner".

10.     **Yossef Kahlon**, a/k/a/ Jossef Kahlon ("Kahlon")is an individual, who resides in Nassau County, New York and Miami, Florida.

11.     **Atlas Solar Holdings, LLC** ("Atlas") is an entity which participates in the Solar electric generation space, and has a principal place of business at New York, New York.

12.     **Sunray Solar, Inc.** is an entity which participates in the Solar electric generation space, and had a principal place of business at 644 Cross Street, Suite 10, Lakewood, N.J. 08701.

13.     **Max Diversified Inc.** is a corporation located in New Jersey and had a principal place of business at 644 Cross Street, Suite 10, Lakewood, N.J. 08701.

14.     In October 2012 Atlas commenced an action against Lambe and Max Diversified, Inc. in Supreme Court, New York County (Index No. 57465/2012) ("Prior Court Action")

15.     The Prior Court Action made claims for breach of contract for failing to complete work under a Contractor Installation and Completion guarantee and for Fraud.

16.     UCC liens were filed against Troy Lambe, against Sunray Solar, Inc. and against Max Diversified Inc.'s assets.

17.     Plaintiff Yitzhak was attorney for Atlas in the Prior Court Action.

18.     In March 2013, Sunray and Lambe moved for summary judgment dismissing the complaint in the Prior Court Action based upon the lack of jurisdictional allegations in the complaint, improper assertion of jurisdiction in New York state, failure to plead fraud with particularity, for the wrongful demand of punitive damages in a breach of contract case, and on the basis that documentary proof demonstrated full completion of the projects.

19.     In an order dated July 8, 2013, the complaint in the Prior Court Action was dismissed for lack of personal jurisdiction. A cross-motion seeking leave to file an amended complaint was denied.

20.     In May 2013, while the Prior Court Action was still pending, Sunray and Max Diversified, Inc. commenced an action in United States District Court for the Eastern District of New York ("Federal Action") (Case No. 13-cv-03126) against Kahlon, Atlas and Yitzhak, alleging tort and contractual-based causes of action.

21.     The allegations in the Federal Action included that during the course of Yitzhak's representation of Atlas in the Prior Court Action she took "certain actions, which later formed the basis for [the Federal] action commenced by Sunray Defendants against Plaintiff and Yitzhak."

22.     Verner was legal counsel for Sunray.

23.     Yitzhak was represented by Kaufman, Dolowich & Voluck, LLP as well as by other attorneys.

24.     Kahlon and Atlas filed an answer with counterclaims alleging Fraud, Misappropriation, breach of Contract, negligent misrepresentation and negligence but did not assert any crossclaims for malpractice against Yitzhak.

25.     A jury trial in the Federal Action eventually commenced on January 20, 2016, and ran through February 1, 2016.

26.     On January 29, 2016, prior to verdict and pursuant to a settlement agreement, Sunray settled all of its claims in the Federal Action asserted against Yitzhak. Kahlon had the opportunity to participate in this settlement for no additional out of pocket payment but refused to do so because he wanted to be paid on his counterclaims against Sunray and Lambe.

27.     Pursuant to the settlement Sunray agreed to indemnify Yitzhak if Kahlon or Atlas subsequently commenced a legal malpractice action against Yitzhak and that Verner was to be appointed as counsel to Yitzhak. The settlement was reached in open court and placed on the Record. The Settlement was for a sum, which was calculated by taking the applicable malpractice insurance coverage for Yitzhak and deducting Yitzhak's legal expenses incurred during the Federal trial.

28.     On February 1, 2016, the jury rendered a verdict in the Federal Action in favor of Sunray and against Kahlon and Atlas in the amount of $ 1 Million dollars and found in favor of Sunray and Lambe on all of Kahlon's remaining counterclaims which were not yet dismissed.

29.     The jury found liability against Kahlon and Atlas on Sunray's claims of tortious interference, defamation, abuse of process, prima facie tort and Plaintiffs' wrongful filings of UCC-1 Statements in violation of New Jersey law. The verdict was broken down to $ 750,000 in compensatory damages and $ 250,000 in punitive damages.

30.     On March 11, 2016, Kahlon and Atlas commenced an action against Yitzhak for legal malpractice ("Malpractice Action") venued in Supreme Court, Nassau County under Index No. 601659/2016.

31.     The complaint in the Malpractice Action alleged that Yitzhak caused to be filed and served a Summons with Notice on Sunray in the Prior Action, seeking damages of $ 1,847,165 plus punitive damages of $ 5,541,495 in a breach of contract action.

32.     The Malpractice Action claimed that the venue of the Prior Action was Supreme Court, New York County.

33.     The Malpractice Action claimed that the jurisdictional basis for location was based upon Atlas' address at 210 Fifth Avenue, Suite 401, New York, New York.

34.     The Malpractice Action claimed that the Summons with Notice commencing the Prior Action indicated that the breach of contract claim arose under a Loan and Profit Participation Agreement, dated July 20, 2011, to which the Sunray Parties were not even parties.

35.     The Malpractice Action claimed that the Prior Action complaint alleged that the Sunray Parties were New Jersey residents.

36.     In addition, the Malpractice Action complaint claimed that Atlas had taken a loan in the amount of $ 159,600 with an entity by the name of Cove Neck.

37.     The Malpractice Action complaint claimed that the Prior Action complaint alleged that Cove Neck obtained title to the two projects (Stasky, Polidore and McGuinn) that were funded through the loan.

38.     The Malpractice Action complaint claimed that the Prior Action complaint alleged that Sunray and Lambe guaranteed prompt installation of the two projects and that proceeds from these two installations were due to Atlas in the sum of $ 1,875,165.00

Case 1:23-cv-02084-MMG-OTW   Document 1-1   Filed 03/10/23   Page 8 of 31

39.     The allegations discussed above were found in an unverified complaint filed by Yitzhak.

40.     The unverified complaint in the Prior Action was followed on March 6, 2013, by a verified complaint which now stated different facts.

41.     The Sunray Parties filed an Amended Answer to the Verified Amended Complaint and then moved for summary judgment.

42.     The summary judgment motion was based on lack of personal jurisdiction, the failure to state any basis for personal jurisdiction over the New Jersey residents, and that Yitzhak had misconstrued a choice of law provision for a choice of venue provision, neither of which (according to Sunray) conferred jurisdiction over the Sunray Parties in New York.

43.     The Sunray Parties also moved to dismiss under CPLR 3012(b) for defective service, as late in response to a Notice of Appearance and Demand for a Complaint.

44.     The Sunray Parties alleged that the Verified Complaint was actually served on February 5, 2013, but that an affidavit of service recited service on December 18, 2012.

45.     Yitzhak cross-moved for leave to file the Verified Amended complaint in the Prior Action.  It has been served but not filed.

46.     On July 8, 2013, the complaint was dismissed and the cross-motion to file was dismissed as moot.

47.     In its decision to dismiss the complaint, Supreme Court found that no acts took place in the State of New York, and that personal jurisdiction was never obtained over the Sunray Parties.

48. Atlas and Kahlon pursued the same causes of action in the proposed Amended Verified Complaint in their crossclaims, all of which were either dismissed in the Federal Action by the late Hon. Wexler or the Jury.

**The Malpractice Action**

49.     Yitzhak was sued and was now represented by Verner, who had previously represented

Lambe and Sunray.  Verner as attorney answered Khalon's Legal Malpractice complaint.

50.     Verner represented Yitzhak through a motion for summary judgment, which was heard

before the Hon. Justice Vito M. DeStefano in Supreme Court, Nassau County.

51.     In a decision dated August 31, 2021, Justice DeStefano granted summary judgment to the

Kahlon parties against Yitzhak.  The order denied the Yitzhak cross-motion.  The Court awarded

judgment in the amount of $ 1,000,000 plus interest retroactive to the 2016 date of

commencement, against Yitzhak.

52.     The Kahlon motion for summary judgment made a number of allegations which were

accepted by the Court in rendering a decision in Khalon's favor.

53.     The allegations and claims accepted by Justice DeStefano included:

(i)      Yitzhak failed to timely file documents;

(ii)     Yitzhak failed to obtain verifications when required;

(iii)    Yitzhak encouraged Atlas to file UCC-1 Statements in violation of New Jersey
law;

(iv)    Advising Atlas that it was permissible to avoid notifying a debtor that a UCC-1
Statement had been filed against its property;

(v)     Advising Atlas that it was acceptable to threaten criminal prosecution solely to
obtain advantage in a civil matter;

(vi)    Failing to include essential facts as to the jurisdiction basis for Atlas' Prior action
against Sunray, to wit, that Sunray Parties approached Kahlon in New York,
thereby providing a basis for personal jurisdiction;

54.     The malpractice complaint alleged that Yitzhak relied on language in contractor

guarantees which had guaranteed the "prompt installation and successful completion of said

Case 1:23-cv-02004-MMG-OTW   Document 1-1   Filed 03/10/23   Page 10 of 31

installation" of certain solar panel systems. It continued that the systems were timely installed, but some of the customers reported problems related to the installed systems.

55.    The complaint continued that there was no basis to conclude that any solar panel system in which Kahlon had invested was not installed. The complaint alleged that Yitzhak knew that all of the systems had been installed on time.

56.    It alleged that after filing illegal liens, Yitzhak sent Lambe a letter attaching the liens, and then sued Lambe by filing a facially defective Summons with Notice. The Summons with Notice had no basis in fact or law as it referred to a breach of the Loan and Profit Participation Agreement to which Lambe was not a party.

57.    It was further alleged that the complaint was defective, and failed to allege any basis for fraud, much less any basis consistent with CPLR 3016(b). No personal jurisdiction was alleged, and the complaint wrongfully sought punitive and treble damages in a breach of contract setting.

58.    It was further alleged that Yitzhak wrote three false and defamatory letters to Lambe's funders, accusing Lambe of fraud and deceit.

59.    Justice DeStefano determined, as a matter of law, that these acts were legal malpractice.

60.    He further found that the $ 1 million dollar verdict was proximately caused by Yitzhak's acts.

61.    In settlement of the Prior Court Action in the Eastern District, Yitzhak paid the policy limits remaining to Plaintiffs.

62.    Eventually, the Kahlon Parties moved for summary judgment against Yitzhak.

63.    The Verner defendants represented Yitzhak at the time that summary judgment was sought against her.

64.    The Verner defendants prepared opposition to the motion for summary judgment.

Case 1:23-cv-02004-MMG-OTW   Document 1-1   Filed 03/10/23   Page 11 of 31

65.    The Kahlon motion for summary judgment was supported by an expert opinion regarding the standard of practice and which opined that Yitzhak departed from that standard of practice.

66.    The Verner defendants negligently failed to present expert evidence to counter the Kahlon expert evidence that Yitzhak departed from the proper standard of practice.

67.    The Verner defendants negligently failed  to move for summary judgment directly.

68.    The Verner defendants failed to offer dispositive documentary evidence which would have "utterly refuted" the legal malpractice claim and most of not all of the factual allegations contained in both the verified complaint and the Kahlon motion for Summary Judgment.

69.    The Verner defendants negligently failed to argue "collateral estoppel" in defense of the legal malpractice claim.

70.    The Verner defendants negligently failed to support affirmative defenses which had they been pled and would have been dispositive of the legal malpractice claim.

71.    Instead, the Verner defendants cross-moved for summary judgment.

72.    The arguments made against summary judgment and in favor of the cross-motion for summary judgment are found in the Memorandum of Law.

73.    The Verner defendants were aware of potential defenses to summary judgment on a claim of legal malpractice.  Many of them are discussed in a "demand letter" written by Verner and sent to the attorneys for Kahlon at the commencement of the Malpractice Action.

74.    Verner was also aware of the existence of documentary evidence, including emails, completion contracts, the Yitzhak privilege log from the Federal Trial and testimony from the federal trial, directly refuting most if not all of the allegations in the Kahlon complaint against Yitzhak, yet failed to present the same to the court in any fashion, including failing to file counterclaims against Kahlon.

75.     One particular defense was "collateral estoppel." It is discussed at length in the "demand letter."

76.     This particular defense was not raised in opposition to summary judgment nor in support of a cross-motion for summary judgment.

77      All affirmative defenses were dismissed in the Court's decision.

78.     The affirmative defenses were dismissed for failure to support the defenses with admissible evidentiary proffers, all of which exist and were in the Verner defendants possession.

79.     Accordingly, Yitzhak was held on a judgment in the amount of $ 1 Million instead of obtaining dismissal of the legal malpractice case.

## FIRST CAUSE OF ACTION
(Legal Malpractice)

75.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

76.     The Verner defendants' conduct as alleged herein and the departures from good practice as alleged above breached the applicable standard of care in the exercise of an attorney's professional duties as the Verner defendants owed it to Yitzhak so as to constitute negligence by an attorney and legal malpractice.

77.     Those breaches were the direct and proximate and "but for" cause of damages to Yitzhak, including the actual and financial damages alleged herein.

78.     By reason of and as a result of the negligence by an attorney and legal malpractice committed by the Verner defendants Yitzhak has sustained and will continue to sustain financial losses and actual money damages.

79.    Yitzhak has demonstrated ascertainable damages in the amount of the judgment entered against her for more than 1 Million dollars

80.    Yitzhak has demonstrated damages in the amount of the judgment as well disgorgement of the fees paid to the Verner defendants.

## SECOND CAUSE OF ACTION

### (Breach of Contract for Fees)

81.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

82.    Yitzhak had a valid and enforceable contract for Verner's provision of legal services, and as a result of that agreement, there was privity between Yitzhak and the Verner defendants.

83.    The conduct of the Verner defendants herein, breached its contract and Yitzhak is permitted to recover fees paid to the Verner defendants.

84.    Yitzhak is therefore entitled to recover damages from the Verner defendants in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

85.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

86.    By reason of their attorney-client relationships and other relationships as alleged herein, the Verner defendants owed Yitzhak the duties of a fiduciary.

87.    The Verner defendants breached those fiduciary duties by, among other things, failing to apprise Yitzhak of the defenses offered by Verner when he individually was also sued by Kahlon.

88.    The Verner defendants breached those fiduciary duties by defending themselves at the expense of Plaintiff with a successful defense which utilized documentary evidence, claims of collateral estoppel, claims of failure to state a cause of action, none of which were utilized in defense of Yitzhak.

89.    The Verner defendants breached those fiduciary duties by, among other things, by failing to defend Yitzhak so as to lessen the claims made against Verner, all arising from the underlying Prior Court Action.

90.    By reason of and as a result of those breaches, Yitzhak suffered damages, including the actual and financial damages alleged herein.

91.    Yitzhak is  therefore entitled to recover damages from the Verner defendants in amounts to be determined at trial.

    THEREFORE, plaintiff demands judgment in their favor and against the Verner defendants as follows:

a.    On the First Cause of Action, for negligence by an attorney and legal malpractice in the amount of the Judgment entered against Yitzhak, with interest and costs;

b.    On the Second Cause of Action, for breach of contract for fees in an amount to be determined by the Court and as alleged herein and to be proven at trial; and

c.      On the Third Cause of Action, for breach of fiduciary duty, in an amount to be

determined by the Court and as alleged herein and to be proven at trial, together with costs,

attorneys' fees and interest all in the fullest amount allowed at law on each such claim and

together with such other and further relief for plaintiffs as the Court may deem just and

proper.

Dated: New York, New York
        February 9, 2023

                                  Andrew Lavoott Bluestone
                                   *Attorney for Plaintiffs*
                                   80 Chambers Street   8th Floor
                                   New York, New York 10007
                                   (212) 791-5600
                                   alb@bluestonelawfirm.com

STATE OF NEW YORK )
                        )    ss:
COUNTY OF Nassau )

ERICA T. YITZHAK , being duly sworn deposes and says that deponent is the Individual as

well as _President_ of Plaintiffs the corporation or entity described as Plaintiff in the

within action, that deponent has read the foregoing Complaint and knows the contents thereof;

that the same is true to deponent's own knowledge, except as to the matters therein stated to be

alleged upon information and belief, and as to those matters deponents believes them to be true.

This verification is made by deponent because Plaintiffs are individuals and corporate entities

thereof.

ERICA T. YITZHAK, Individually
THE LAW OFFICES OF ERICA
T. YITZHAK and ERICA T. YITZHAK, Esq. P.C.,

Sworn to before me this 9
day of February, 2023

Notary Public

JENINE A. SUMPTER
Notary Public, State of New York
No. 01SU6362994
Qualified in Queens County
Commission Expires August 14, 2025

Case 1:23-cv-02904-MMG-OTW    Document 1-1    Filed 03/10/23    Page 17 of 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------X

ERICA T. YITZHAK, THE LAW OFFICES OF ERICA
T. YITZHAK and ERICA T. YITZHAK, Esq. P.C., ,

                           Plaintiff,

             -against-

PAUL WILLIAM VERNER, VERNER and SIMON,
VERNER and SIMON, P.C., VERNER and SIMON,
LLP,

                           Defendants.

----------------------------------------------------------------------X

Date Purchased

Index No.

**SUMMONS WITH NOTICE**

**PLAINTIFF DESIGNATES**
New York County as the
Place of Trial

The basis of venue
is CPLR § 503 and 509

County of New York

**TO THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of the summons, exclusive of
the day of service (or within 30 days after service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
         November 14, 2022

Andrew Lavoott Bluestone
80 Chambers Street  8th Floor
New York, New York 10007
(212) 791-5600
alb@bluestonelawfirm.com

**NOTICE:** The relief sought is money damages in Legal Malpractice, Breach of Fiduciary Duty and
Breach of Contract. **Upon your failure to appear, judgment will be taken against you by default
for a sum of $ Two Million (Two Million Dollars) and in excess of the jurisdiction of all lower
courts, with interest and the costs of this action.**

Case 1:23-cv-02084-MMG-OTW   Document 1-1   Filed 03/10/23   Page 18 of 31

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
ERICA T. YITZHAK, THE LAW OFFICES OF ERICA
T. YITZHAK and ERICA T, YITZHAK, Esq. P.C.,

Index No.

                            Plaintiffs,

**VERIFIED COMPLAINT**

        -against-

PAUL WILLIAM VERNER, VERNER and SIMON,
VERNER and SIMON, P.C., VERNER and SIMON,
LLP,

                       Defendants.
------------------------------------------------------------------------X

       Erica Yitzhak, The Law Offices of Erica T. Yitzhak and Erica T. Yitzhak, Esq. P.C.,

(collectively, "Plaintiff" or "Yitzhak"), by their attorney ANDREW LAVOOTT BLUESTONE,

allege as follows:

1.     **Erica T. Yitzhak** is an individual, an attorney, and resides in Nassau County, New York.

2.     **The Law Offices of Erica T. Yitzhak** is an entity, a law firm whose principle is Erica T.

Yitzhak and whose principal place of business is Nassau County, New York.

3.     **Erica T. Yitzhak, Esq. P.C.** is a professional corporation, a law firm whose principle is

Erica T. Yitzhak and whose principal place of business is Nassau County, New York.

4.     **Troy Lambe** ("Lambe") is an individual, whose residence is in New Jersey at 546 South

Cooks Bridge Road, Jackson, N.J. 08572.

5.     **Paul Verner** is an individual, an attorney, who maintains a residence in New Jersey and

Colorado, maintains a law office in New Jersey as well as maintains an office for the practice of

law at 30 Wall Street, FL 8, New York, New York in New York County.

6.      **Verner and Simon** is a partnership or other entity, maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, FL 8, New York, New York in New York County.

7.      **Verner & Simon, P.C.** is a Professional Corporation, or other entity which maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, FL8,  New York, New York in New York County.

8.      **Verner & Simon, LLP** is a Limited Liability Partnership, which maintains a law office in New Jersey as well as maintains an office for the practice of law at 30 Wall Street, Fl 8, New York, New York in New York County.

9.      Paul Verner, Verner and Simon, Verner & Simon P.C. and Verner & Simon, LLP are collectively referred to as "Defendants" or "Verner".

10.     **Yossef Kahlon**, a/k/a/ Jossef Kahlon ("Kahlon")is an individual, who resides in Nassau County, New York and Miami, Florida.

11.     **Atlas Solar Holdings, LLC** ("Atlas") is an entity which participates in the Solar electric generation space, and has a principal place of business at New York, New York.

12.     **Sunray Solar, Inc**. is an entity which participates in the Solar electric generation space, and had a principal place of business at  644 Cross Street, Suite 10, Lakewood, N.J. 08701.

13.     **Max Diversified Inc**. is a corporation located in New Jersey and had a principal place of business at  644 Cross Street, Suite 10, Lakewood, N.J. 08701.

14.     In October 2012 Atlas commenced an action against Lambe and Max Diversified, Inc. in Supreme Court, New York County (Index No. 57465/2012) ("Prior Court Action")

15.     The Prior Court Action made claims for breach of contract for failing to complete work under a Contractor Installation and Completion guarantee and for Fraud.

16.     UCC liens were filed against Troy Lambe, against Sunray Solar, Inc. and against Max Diversified Inc.'s assets.

17.     Plaintiff Yitzhak was attorney for Atlas in the Prior Court Action.

18.     In March 2013, Sunray and Lambe moved for summary judgment dismissing the complaint in the Prior Court Action based upon the lack of jurisdictional allegations in the complaint, improper assertion of jurisdiction in New York state, failure to plead fraud with particularity, for the wrongful demand of punitive damages in a breach of contract case, and on the basis that documentary proof demonstrated full completion of the projects.

19.     In an order dated July 8, 2013, the complaint in the Prior Court Action was dismissed for lack of personal jurisdiction.  A cross-motion seeking leave to file an amended complaint was denied.

20.     In May 2013, while the Prior Court Action was still pending, Sunray and Max Diversified, Inc. commenced an action in United States District Court for the Eastern District of New York ("Federal Action") (Case No. 13-cv-03126) against Kahlon, Atlas and Yitzhak, alleging tort and contractual-based causes of action.

21.     The allegations in the Federal Action included that during the course of Yitzhak's representation of Atlas in the Prior Court Action she took "certain actions, which later formed the basis for [the Federal] action commenced by Sunray Defendants against Plaintiff and Yitzhak."

22.     Verner was legal counsel for Sunray.

23.     Yitzhak was represented by Kaufman, Dolowich & Voluck, LLP as well as by other attorneys.

Case 1:23-cv-02094-MMG-OTW   Document 1-1   Filed 03/10/23   Page 21 of 31

24.    Kahlon and Atlas filed an answer with counterclaims alleging Fraud, Misappropriation, breach of Contract, negligent misrepresentation and negligence but did not assert any crossclaims for malpractice against Yitzhak.

25.    A jury trial in the Federal Action eventually commenced on January 20, 2016, and ran through February 1, 2016.

26.    On January 29, 2016, prior to verdict and pursuant to a settlement agreement, Sunray settled all of its claims in the Federal Action asserted against Yitzhak.  Kahlon had the opportunity to participate in this settlement for no additional out of pocket payment but refused to do so because he wanted to be paid on his counterclaims against Sunray and Lambe.

27.    Pursuant to the settlement Sunray agreed to indemnify Yitzhak if Kahlon or Atlas subsequently commenced a legal malpractice action against Yitzhak and that Verner was to be appointed as counsel to Yitzhak.  The settlement was reached in open court and placed on the Record.  The Settlement was for a sum, which was calculated by taking the applicable malpractice insurance coverage for Yitzhak and deducting Yitzhak's legal expenses incurred during the Federal trial.

28.    On February 1, 2016, the jury rendered a verdict in the Federal Action in favor of Sunray and against Kahlon and Atlas in the amount of $ 1 Million dollars and found in favor of Sunray and Lambe on all of Kahlon's remaining counterclaims which were not yet dismissed.

29.    The jury found liability against Kahlon and Atlas on Sunray's claims of tortious interference, defamation, abuse of process, prima facie tort and Plaintiffs' wrongful filings of UCC-1 Statements in violation of New Jersey law.  The verdict was broken down to $ 750,000 in compensatory damages and $ 250,000 in punitive damages.

30.     On March 11, 2016, Kahlon and Atlas commenced an action against Yitzhak for legal malpractice ("Malpractice Action") venued in Supreme Court, Nassau County under Index No. 601659/2016.

31.     The complaint in the Malpractice Action alleged that Yitzhak caused to be filed and served a Summons with Notice on Sunray in the Prior Action, seeking damages of $ 1,847,165 plus punitive damages of $ 5,541,495 in a breach of contract action.

32.     The Malpractice Action claimed that the venue of the Prior Action was Supreme Court, New York County.

33.     The Malpractice Action claimed that the jurisdictional basis for location was based upon Atlas' address at 210 Fifth Avenue, Suite 401, New York, New York.

34.     The Malpractice Action claimed that the Summons with Notice commencing the Prior Action indicated that the breach of contract claim arose under a Loan and Profit Participation Agreement, dated July 20, 2011, to which the Sunray Parties were not even parties.

35.     The Malpractice Action claimed that the Prior Action complaint alleged that the Sunray Parties were New Jersey residents.

36.     In addition, the Malpractice Action complaint claimed that Atlas had taken a loan in the amount of $ 159,600 with an entity by the name of Cove Neck.

37.     The Malpractice Action complaint claimed that the Prior Action complaint alleged that Cove Neck obtained title to the two projects (Stasky, Polidore and McGuinn) that were funded through the loan.

38.     The Malpractice Action complaint claimed that the Prior Action complaint alleged that Sunray and Lambe guaranteed prompt installation of the two projects and that proceeds from these two installations were due to Atlas in the sum of $ 1,875,165.00

39.   The allegations discussed above were found in an unverified complaint filed by Yitzhak.

40.   The unverified complaint in the Prior Action was followed on March 6, 2013, by a verified complaint which now stated different facts.

41.   The Sunray Parties filed an Amended Answer to the Verified Amended Complaint and then moved for summary judgment.

42.   The summary judgment motion was based on lack of personal jurisdiction, the failure to state any basis for personal jurisdiction over the New Jersey residents, and that Yitzhak had misconstrued a choice of law provision for a choice of venue provision, neither of which (according to Sunray) conferred jurisdiction over the Sunray Parties in New York.

43.   The Sunray Parties also moved to dismiss under CPLR 3012(b) for defective service, as late in response to a Notice of Appearance and Demand for a Complaint.

44.   The Sunray Parties alleged that the Verified Complaint was actually served on February 5, 2013, but that an affidavit of service recited service on December 18, 2012.

45.   Yitzhak cross-moved for leave to file the Verified Amended complaint in the Prior Action.  It has been served but not filed.

46.   On July 8, 2013, the complaint was dismissed and the cross-motion to file was dismissed as moot.

47.   In its decision to dismiss the complaint, Supreme Court found that no acts took place in the State of New York, and that personal jurisdiction was never obtained over the Sunray Parties.

48. Atlas and Kahlon pursued the same causes of action in the proposed Amended Verified Complaint in their crossclaims, all of which were either dismissed in the Federal Action by the late Hon. Wexler or the Jury.

**The Malpractice Action**

49.     Yitzhak was sued and was now represented by Verner, who had previously represented Lambe and Sunray.  Verner as attorney answered Khalon's Legal Malpractice complaint.

50.     Verner represented Yitzhak through a motion for summary judgment, which was heard before the Hon. Justice Vito M. DeStefano in Supreme Court, Nassau County.

51.     In a decision dated August 31, 2021, Justice DeStefano granted summary judgment to the Kahlon parties against Yitzhak.  The order denied the Yitzhak cross-motion.  The Court awarded judgment in the amount of $ 1,000,000 plus interest retroactive to the 2016 date of commencement, against Yitzhak.

52.     The Kahlon motion for summary judgment made a number of allegations which were accepted by the Court in rendering a decision in Khalon's favor.

53.     The allegations and claims accepted by Justice DeStefano included:

> (i)     Yitzhak failed to timely file documents;
>
> (ii)    Yitzhak failed to obtain verifications when required;
>
> (iii)   Yitzhak encouraged Atlas to file UCC-1 Statements in violation of New Jersey law;
>
> (iv)    Advising Atlas that it was permissible to avoid notifying a debtor that a UCC-1 Statement had been filed against its property;
>
> (v)     Advising Atlas that it was acceptable to threaten criminal prosecution solely to obtain advantage in a civil matter;
>
> (vi)    Failing to include essential facts as to the jurisdiction basis for Atlas' Prior action against Sunray, to wit, that Sunray Parties approached Kahlon in New York, thereby providing a basis for personal jurisdiction;

54.     The malpractice complaint alleged that Yitzhak relied on language in contractor guarantees which had guaranteed the "prompt installation and successful completion of said

installation" of certain solar panel systems. It continued that the systems were timely installed, but some of the customers reported problems related to the installed systems.

55.     The complaint continued that there was no basis to conclude that any solar panel system in which Kahlon had invested was not installed. The complaint alleged that Yitzhak knew that all of the systems had been installed on time.

56.     It alleged that after filing illegal liens, Yitzhak sent Lambe a letter attaching the liens, and then sued Lambe by filing a facially defective Summons with Notice. The Summons with Notice had no basis in fact or law as it referred to a breach of the Loan and Profit Participation Agreement to which Lambe was not a party.

57.     It was further alleged that the complaint was defective, and failed to allege any basis for fraud, much less any basis consistent with CPLR 3016(b). No personal jurisdiction was alleged, and the complaint wrongfully sought punitive and treble damages in a breach of contract setting.

58.     It was further alleged that Yitzhak wrote three false and defamatory letters to Lambe's funders, accusing Lambe of fraud and deceit.

59.     Justice DeStefano determined, as a matter of law, that these acts were legal malpractice.

60.     He further found that the $ 1 million dollar verdict was proximately caused by Yitzhak's acts.

61.     In settlement of the Prior Court Action in the Eastern District, Yitzhak paid the policy limits remaining to Plaintiffs.

62.     Eventually, the Kahlon Parties moved for summary judgment against Yitzhak.

63.     The Verner defendants represented Yitzhak at the time that summary judgment was sought against her.

64.     The Verner defendants prepared opposition to the motion for summary judgment.

Case 1:23-cv-02084-MMG-OTW   Document 1-1   Filed 03/10/23   Page 26 of 31
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 02/09/2023

65.    The Kahlon motion for summary judgment was supported by an expert opinion regarding the standard of practice and which opined that Yitzhak departed from that standard of practice.

66.    The Verner defendants negligently failed to present expert evidence to counter the Kahlon expert evidence that Yitzhak departed from the proper standard of practice.

67.    The Verner defendants negligently failed  to move for summary judgment directly.

68.    The Verner defendants failed to offer dispositive documentary evidence which would have "utterly refuted" the legal malpractice claim and most of not all of the factual allegations contained in both the verified complaint and the Kahlon motion for Summary Judgment.

69.    The Verner defendants negligently failed to argue "collateral estoppel" in defense of the legal malpractice claim.

70.    The Verner defendants negligently failed to support affirmative defenses which had they been pled and would have been dispositive of the legal malpractice claim.

71.    Instead, the Verner defendants cross-moved for summary judgment.

72.    The arguments made against summary judgment and in favor of the cross-motion for summary judgment are found in the Memorandum of Law.

73.    The Verner defendants were aware of potential defenses to summary judgment on a claim of legal malpractice.  Many of them are discussed in a "demand letter" written by Verner and sent to the attorneys for Kahlon at the commencement of the Malpractice Action.

74.    Verner was also aware of the existence of documentary evidence, including emails, completion contracts, the Yitzhak privilege log from the Federal Trial and testimony from the federal trial, directly refuting most if not all of the allegations in the Kahlon complaint against Yitzhak, yet failed to present the same to the court in any fashion, including failing to file counterclaims against Kahlon.

75.    One particular defense was "collateral estoppel." It is discussed at length in the "demand letter."

76.    This particular defense was not raised in opposition to summary judgment nor in support of a cross-motion for summary judgment.

77    All affirmative defenses were dismissed in the Court's decision.

78.    The affirmative defenses were dismissed for failure to support the defenses with admissible evidentiary proffers, all of which exist and were in the Verner defendants possession.

79.    Accordingly, Yitzhak was held on a judgment in the amount of $ 1 Million instead of obtaining dismissal of the legal malpractice case.

## FIRST CAUSE OF ACTION
(Legal Malpractice)

75.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

76.    The Verner defendants' conduct as alleged herein and the departures from good practice as alleged above breached the applicable standard of care in the exercise of an attorney's professional duties as the Verner defendants owed it to Yitzhak so as to constitute negligence by an attorney and legal malpractice.

77.    Those breaches were the direct and proximate and "but for" cause of damages to Yitzhak, including the actual and financial damages alleged herein.

78.    By reason of and as a result of the negligence by an attorney and legal malpractice committed by the Verner defendants Yitzhak has sustained and will continue to sustain financial losses and actual money damages.

Case 1:23-cv-02084-MMG-OTW   Document 1-1   Filed 03/10/23   Page 28 of 31

79.   Yitzhak has demonstrated ascertainable damages in the amount of the judgment entered against her for more than 1 Million dollars

80.   Yitzhak has demonstrated damages in the amount of the judgment as well disgorgement of the fees paid to the Verner defendants.

## SECOND CAUSE OF ACTION

### (Breach of Contract for Fees)

81.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

82.   Yitzhak had a valid and enforceable contract for Verner's provision of legal services, and as a result of that agreement, there was privity between Yitzhak and the Verner defendants.

83.   The conduct of the Verner defendants herein, breached its contract and Yitzhak is permitted to recover fees paid to the Verner defendants.

84.   Yitzhak is therefore entitled to recover damages from the Verner defendants in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

85.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth here.

86.     By reason of their attorney-client relationships and other relationships as alleged herein, the Verner defendants owed Yitzhak the duties of a fiduciary.

87.     The Verner defendants breached those fiduciary duties by, among other things, failing to apprise Yitzhak of the defenses offered by Verner when he individually was also sued by Kahlon.

88.     The Verner defendants breached those fiduciary duties by defending themselves at the expense of Plaintiff with a successful defense which utilized documentary evidence, claims of collateral estoppel, claims of failure to state a cause of action, none of which were utilized in defense of Yitzhak.

89.     The Verner defendants breached those fiduciary duties by, among other things, by failing to defend Yitzhak so as to lessen the claims made against Verner, all arising from the underlying Prior Court Action.

90.     By reason of and as a result of those breaches, Yitzhak suffered damages, including the actual and financial damages alleged herein.

91.     Yitzhak is  therefore entitled to recover damages from the Verner defendants in amounts to be determined at trial.

THEREFORE, plaintiff demands judgment in their favor and against the Verner defendants as follows:

a.     On the First Cause of Action, for negligence by an attorney and legal malpractice in the amount of the Judgment entered against Yitzhak, with interest and costs;

b.     On the Second Cause of Action, for breach of contract for fees in an amount to be determined by the Court and as alleged herein and to be proven at trial; and

Case 1:23-cv-02084-MMG-OTW   Document 1-1   Filed 03/10/23   Page 30 of 31

c.    On the Third Cause of Action, for breach of fiduciary duty, in an amount to be

determined by the Court and as alleged herein and to be proven at trial, together with costs,

attorneys' fees and interest all in the fullest amount allowed at law on each such claim and

together with such other and further relief for plaintiffs as the Court may deem just and

proper.

Dated: New York, New York
       February 9, 2023

Andrew Lavoott Bluestone
*Attorney for Plaintiffs*
80 Chambers Street  8th Floor
New York, New York 10007
(212) 791-5600
alb@bluestonelawfirm.com

STATE OF NEW YORK          )
                           )          ss:
COUNTY OF Nassau           )

ERICA T. YITZHAK , being duly sworn deposes and says that deponent is the  Individual as

well as  President   of Plaintiffs the corporation or entity described as Plaintiff in the

within action, that deponent has read the foregoing Complaint and knows the contents thereof;

that the same is true to deponent's own knowledge, except as to the matters therein stated to be

alleged upon information and belief, and as to those matters deponents believes them to be true.

This verification is made by deponent because Plaintiffs are individuals and corporate entities

thereof.

                                        _____
                                        ERICA T. YITZHAK,  Individually
                                        THE LAW OFFICES OF ERICA
                                        T. YITZHAK and ERICA T. YITZHAK, Esq. P.C.,


Sworn to before me this 9
day of February, 2023

_____
Notary Public

                                        JENINE A. SUMPTER
                                        Notary Public, State of New York
                                        No. 01SU6362994
                                        Qualified in Queens County
                                        Commission Expires August 14, 2025