# EXHIBIT B

# VERNER SIMON

FIVE GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NJ 08053
(856) 817-6315 / (856) 817-6017 FAX

30 WALL STREET, 8ᵀᴴ FLOOR
NEW YORK, NEW YORK 10005
(212) 502 5500 / (212) 502 5400 FAX

PLEASE REPLY TO: NEW YORK

pwverner@vernerlaw.com

October 17, 2017

**VIA EMAIL**

Mr. Troy Lambe
546 South Cooks Bridge Road
Jackson, NJ 08527

Ms. Erica Yitzhak, Esq.
17 Barstow Road, Suite 406
Great Neck, New York 11021

Re: *Kahlon v. Yitzhak, Lambe, Verner*
Index No. 609252/2017
*Kahlon v. Yitzhak*
Index No. 601659/2016.

Dear Troy and Erica:

This Retainer Agreement is being entered into between the Verner Simon ("the firm", or "we" or "us"), and you and your companies named in the above captioned litigation ("the client" or "you"). Please note that once this agreement is countersigned by you, it will constitute a legally binding contract.

First, as you know there was no initial retainer agreement in the case known as *Kahlon v. Yitzhak* - Index No. 601659/2016. That is because that case is being handled pursuant to the settlement agreement made in the *Lambe v Kahlon* federal litigation that went to verdict on February 1, 2016. This letter now covers that work but there will not be any billing statement to Erica under that Index number. See below.

Pursuant to the terms of the settlement made in federal court on or about January 29, 2016, the Lambe/Sunray parties will pay all legal fees and expenses and defend the Yitzhak parties against Kahlon's claims for negligence and legal malpractice. That is the Yitzhak Defense case.

The latest case (I call it the Shotgun Case) is a claim that Erica intentionally breach a fiduciary duty to Kahlon arising from an alleged joint defense agreement in the federal litigation. These too are frivolous claims but they were not technically what Troy agreed to pay for when he agreed to indemnify Erica against the legal malpractice claims.

# VERNER SIMON

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 2 of 7

Considering the fact, I suggest that in representing us all, and hopefully getting us all dismissed forthwith, I charge Erica and Troy 1/3 each of my billable hour. The remaining third is for my benefit.

My state court billing rate is $350 an hour (I charge $450 for complex federal litigation). One third of that is $116.66. So, I would track my time and charge each of you that figure per hour.

I expect to get us all dismissed in the same set of motion papers.

Now there are motions I need to make to get the appeal bond released. Obviously that work is for Troy and my benefit alone as we are looking to protect the judgment won against Kahlon. Accordingly, although that work will appear on billing statements, Erica's portion will show N/C (no charge) for that work.

The remaining terms are standard for retaining attorney services and are contained to formalize the agreement between us. We have conflict letter in place as well.

## THE NATURE OF SERVICES TO BE RENDERED

This agreement confirms that you have retained this firm as your attorneys to act as counsel for you to defend the above captioned lawsuits.

The retainer fee required for our engagement (discussed below) does not include or apply to formal appearances and services rendered in courts; actions or proceedings other than the litigation for which this office has been retained described above. No appeals or post-judgment actions, proceedings, or applications will be handled unless the firm's representation is secured by execution of another separate Retainer Agreement.

## TERMS OF REPRESENTATION

The client authorizes the firm to take any steps which, in the sole discretion of the firm are deemed necessary or appropriate to protect the client's interest in this matter. The client understands that no one member of the firm is being retained, but, rather the firm, as an entity is undertaking legal representation of the client pursuant to this retainer agreement and that the firm reserves the right to assign and delegate all aspects of such representation the firm, in its sole discretion, deems appropriate.

# VERNER SIMON

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 3 of 7

The client agrees to fully cooperate with the attorneys, paralegals, clerks or other members of the staff of the firm which are assigned on the case. The client also agrees to follow all instructions and advice which bear upon ethical, strategic or tactical considerations or matters, as the same are determined solely within the discretion of the firm.

If the client fails or refuses to follow such advice or instructions of the firm in any respect, the client agrees that such failure or refusal shall be good cause for the law firm to withdraw its representation and the client hereby consents that the firm may so withdraw under such circumstances.

We shall provide you, should you desire it, with copies of correspondence and legal documents relating to your case and will keep you apprised of its status at all times.

**PAYMENT OF FEES**

You have agreed to a billing rate of $350.00 per hour which shall be paid by the Lambes in the Yitzhak Defense case. In the Shotgun Case, the rate will be split into three or $166.66 per hour for work done for our mutual benefit – the Lambes, Verner and Yitzhak.

Likewise $150.00 will be billed for all associate attorney or local counsel time (if engagements of same are made) which will be split into 1/3 or $50.00 per hour in the Shotgun Case.

The same thing applies to our paralegal rate whixch is $50.00 per hour. The firm charges paralegal time for paralegal type work even if it is performed by an attorney.

The amount of our eventual fee will be based upon our regular schedule of established hourly time charges, along with any out-of-pocket disbursements (such as court costs, messenger services, transcripts of proceedings, long distance telephone calls, telefaxes, process service fees, mileage, deposition and court transcripts and excess postage) which are incurred in your behalf.

The client further understands that the hourly rates apply to all time expended relative to the client's matter, including but not limited to, office meetings and conferences, telephone calls and conferences, either placed by or placed to the client, or otherwise made or had on the client's behalf or related to the client's matter, preparation, review and revision of correspondence, pleadings, motions, disclosure demands and responses, affidavits and affirmations, or any other documents, memoranda, or papers relative to the client's matter, legal research, court appearances, conferences, file review, preparation time, travel time and any other time expended on behalf of or in connection with the client's matter.

# Verner Simon

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 4 of 7

## DISBURSEMENTS AND OUTSIDE CHARGES

In addition to the foregoing, your responsibility will include direct payment or reimbursement of this firm for disbursements advanced on your behalf, the same to include, but not necessarily be limited to, court filing fees, recording fees, charges of process servers, travel expenses, copying costs, messenger services, necessary secretarial overtime, transcripts and the customary fees of stenographers referable to examinations before trial in the event such examinations are utilized.

You have been advised that in order for us to properly protect your interests, it may be necessary to retain outside experts such as forensic experts, appraisers, actuaries, investigators and accountants. You will be responsible for the costs incurred for any such service which in some cases may have to be paid in advance depending upon the requirements of the particular expert. No expert shall be retained without your prior approval.

These costs will be split by 1/3.

## ACCURACY OF INFORMATION

We have informed you that pursuant to court rule, we are required as your attorneys to certify court papers submitted by you which contain statements of fact, and specifically to certify that we are aware of no inaccuracies in the court submission. Accordingly, you agree to provide us with complete and accurate information which forms the basis of court papers and to certify in writing to us, prior to the time the papers were actually submitted to the Court, the accuracy of the court submissions which we prepare on your behalf and which you shall review and sign.

## STATEMENT OF CLIENTS' RIGHTS AND RESPONSIBILITIES

Your attorney is providing you with this section to inform you of what you, as a client, are entitled to by law or by custom. To help prevent any misunderstanding between you and your attorney please read this section carefully.

If you ever have any questions about these rights, or about the way your case is being handled, do not hesitate to ask your attorney. He or she should be readily available to represent your best interests and keep you informed about your case.

An attorney may not refuse to represent you on the basis of race, creed, color, sex, sexual orientation, age, national origin or disability.

# VERNER SIMON

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 5 of 7

You are entitled to an attorney who will be capable of handling your case; show you courtesy and consideration at all times; represent you zealously; and preserve your confidences and secrets that are revealed in the course of the relationship.

You are entitled to a written retainer agreement which must set forth, in plain language, the nature of the relationship and the details of the fee arrangement. At your request, and before you sign the agreement, you are entitled to have your attorney clarify in writing any of its terms, or include additional provisions.

You are entitled to fully understand the proposed rates and retainer fee before you sign a retainer agreement, as in any other contract.

You may refuse to enter into any fee arrangement that you find unsatisfactory.

Your attorney may not request a fee that is contingent on the securing of a divorce or on the amount of money or property that may be obtained.

Your attorney may not request a retainer fee that is non-refundable. That is should you discharge your attorney, or should your attorney withdraw from the case, before the retainer is used up, he or she is entitled to be paid commensurate with the work performed on your case and any expenses, but must return the balance of the retainer to you. However, your attorney may enter into a minimum fee arrangement with you that provides for the payment of a specific amount below which the fee will not fall based upon the handling of the case to its conclusion.

You are entitled to know the approximate number of attorneys and other legal staff members who will be working on your case at any given time and what you will be charged for the services of each.

You are entitled to know in advance how you will be asked to pay legal fees and expenses, and how the retainer, if any, will be spent.

At your request, and after your attorney has had a reasonable opportunity to investigate your case, you are entitled to be given an estimate of approximate future costs of your case, which estimate shall be made in good faith but may be subject to change due to facts and circumstances affecting the case:

You are entitled to receive a written, itemized bill on a regular basis, at least every 60 days.

You are expected to review the itemized bills sent by counsel, and to raise any objections or errors in a timely manner. Time spent in discussion or explanation of bills will not be charged to you.

# VERNER SIMON

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 6 of 7


You are expected to be truthful in all discussions with your attorney, and to provide all relevant information and documentation to enable him or her to competently prepare your case.

You are entitled to be kept informed of the status of your case, and to be provided with copies of correspondence and documents prepared on your behalf or received from the court or your adversary.

You have the right to be present in court at the time that conferences are held.

You are entitled to make the ultimate decision on the objectives to be pursued in your case, and to make the final decision regarding the settlement of your case.

Your attorney's written retainer agreement must specify under what circumstances he or she might seek to withdraw as your attorney for nonpayment of legal fees. If an action or proceeding is pending, the court may give your attorney a "charging lien," which entitles your attorney to payment for services already rendered at the end of the case out of the proceeds of the final order or judgment

You are under no legal obligation to sign a confession of judgment or promissory note, or to agree to a lien or mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify whether, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior court approval and notice to your adversary. An attorney's security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no. particular results can be guaranteed.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safeguard the escrow in a special bank account. You are entitled to a written escrow agreement, and may request that one or more interest-bearing bank accounts be used.

You also are entitled to a written receipt, and a complete record, concerning the escrow.

When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In the event of a fee dispute, you may have the right to seek arbitration. Your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

# VERNER SIMON

Mr. Troy Lambe
Ms. Erica Yitzhak, Esq.
September 29, 2017
Page 7 of 7

### ACKNOWLEDGMENT AND UNDERSTANDING

The client acknowledges that he or she has read this agreement in its entirety, has had full opportunity to consider its terms and has had a full and satisfactory explanation of same, and fully understands its terms and agrees to such terms. The client further acknowledges that you have been provided with and read a Statement of Client's Rights and Responsibilities, a copy of which is contained in this Retainer Agreement.

Kindly indicate your understanding and acceptance of the above by signing and returning the duplicate original of this letter.

We appreciate the opportunity to serve you and I look forward to working with you.

Very truly yours,
VERNER SIMON

PAUL VERNER

**I HAVE READ AND UNDERSTAND THE ABOVE AND ACCEPT ALL OF ITS TERMS.**

_____
Erica Yitzhak for herself and her law firm
Defendants

Dated: 10/18/17

_____
Troy Lambe for Himself and Sunray Solar
and Max Diversified

Dated: _____