```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ERICA T. YITZHAK, et al.,

            Plaintiffs

         v.                              23 Civ. 2084 (JHR)
                                          Teams Conference

PAUL WILLIAM VERNER, et al.,

            Defendants
------------------------------x
                                         New York, N.Y.
                                         July 14, 2023
                                         8:35 a.m.

Before:

                HON. JENNIFER H. REARDEN

                                         District Judge

                    APPEARANCES

ANDREW LAVOOT BLUESTONE ESQ.
    Attorney for Plaintiffs
ANDREW L. BLUESTONE

LEWIS BRISBOIS BISGAARD & SMITH
    Attorney for Defendants
GRACE SONG
```

1                  (The Court and all parties appearing via teams)
2                  THE COURT:  Good morning.
3                  MR. BLUESTONE:  Good morning, your Honor.
4                  MS. SONG:  Good morning, your Honor.
5                  DEPUTY CLERK:  Good morning, Judge.
6                  THE COURT:  Ms. Williams, go ahead, please.
7                  DEPUTY CLERK:  In the case of 23 Civ. 2084, Yitzhak
8      et al., v. Verner, et al., this is a reminder that this is a
9      public proceeding.  Members of the public and press are able to
10     access the proceeding with a public dial-in number.  All
11     participants are reminded that any recording or rebroadcasting
12     of this proceeding is strictly prohibited.
13                 THE COURT:  Who do we have for plaintiffs this
14     morning?
15                 MR. BLUESTONE:  Good morning, Judge.  Andrew Bluestone
16     for plaintiff.
17                 THE COURT:  Mr. Bluestone, your camera was on but now
18     it's off.
19                 DEPUTY CLERK:  It's showing on on his screen.  I can
20     see him, Judge.  I don't know why it's off on yours.
21                 THE COURT:  That's okay, I can hear you.
22                 For defendant?
23                 MS. SONG:  Good morning, your Honor.  This is Grace
24     Song from Lewis Brisbois representing the defendants.
25                 THE COURT:  Okay.  Counsel, do your clients want to be

1   engaged in litigation involving each other for the rest of
2   their lives?  This is quite a story.
3           Mr. Bluestone, would you like to tell me briefly the
4   backdrop to this case?  I have read your letter and what's on
5   the docket, but I'd like to hear from you
6           MR. BLUESTONE:  Of course, your Honor.  So Yitzhak,
7   the plaintiff in this case, was attorney to Sunray -- I'm
8   sorry -- was attorney to Kahlon and Atlas.  They sued Sunray
9   and Lambe.  Those are the main players in the case.  They sued
10  them in New York based upon acts.  That case was dismissed for
11  lack of personal jurisdiction.
12          THE COURT:  All right.  Now when was that case filed?
13          MR. BLUESTONE:  That was a 2013 case.
14          THE COURT:  Go ahead.
15          MR. BLUESTONE:  Sunray and Lambe, who are represented
16  by Verner, got summary judgment against -- I'm sorry -- yeah,
17  they got summary judgment dismissing Kahlon's case.  They then
18  brought a case against Kahlon, Atlas and Yitzhak for breach of
19  contract and legal malpractice.  They eventually -- during
20  trial, Yitzhak settled her case on her own behalf by putting up
21  her entire malpractice policy of a million dollars.  That money
22  was then -- there was an indemnification clause that went with
23  that settlement, in which she was to be indemnified against a
24  future legal malpractice case against her and to be defended by
25  Verner.

| | |
|---|---|
| 1 | THE COURT:  One second.  What was the nature of the |
| 2 | malpractice alleged? |
| 3 | MR. BLUESTONE:  That she brought an action without any |
| 4 | basis; that it was brought without jurisdiction in New York |
| 5 | when it should have been brought in New Jersey; that it was |
| 6 | litigious litigation; and that she basically lacked any |
| 7 | probable cause, any reasonable cause to bring any litigation, |
| 8 | if at all. |
| 9 | THE COURT:  All right.  Go ahead. |
| 10 | MR. BLUESTONE:  So she settled out for a million |
| 11 | dollars.  Indemnification clause in the agreement of settling |
| 12 | out said that the monies were to be held in escrow, and that |
| 13 | Verner was to defend her, and Sunray and the others were to |
| 14 | indemnify her. |
| 15 | That case eventually was brought against her by Kahlon |
| 16 | and Atlas after they were found responsible for a million |
| 17 | dollars in the underlying case.  So they sued her for legal |
| 18 | malpractice for a million dollars.  Verner defended her.  Lost |
| 19 | on summary judgment.  She's now got a million dollar judgment |
| 20 | against her for legal malpractice.  There's been no payment |
| 21 | from the indemnification monies, and there were departures in |
| 22 | the defense of the case by Verner.  And the departures are more |
| 23 | or less listed in the complaint in some detail. |
| 24 | THE COURT:  Take me through them. |
| 25 | MR. BLUESTONE:  Sure.  There was dispositive evidence |

which could have been used which was not used. There was the defense of collateral estoppel against Kahlon and Atlas which was not raised. There was no expert used in terms of the motion for summary judgment defense. And there were arguments that were not made which could have been made.

THE COURT: Were there any motions for sanctions in these earlier actions?

MR. BLUESTONE: Not that I'm aware of.

THE COURT: Ms. Song, would you like to be heard on the case overall and your client's position at a high level?

MS. SONG: Yes, your Honor.

So the defendants deny all claims that are asserted against them. It is our position that the malpractice, the underlying malpractice action that occurred against plaintiffs was -- generally overall, it is our defense that the legal malpractice that was allegedly committed or that was committed by plaintiff Yitzhak had grossly exceeded the normal standard of practice, and that even if our client had done all the routes that he did -- that he allegedly did not do in his defense of plaintiff Yitzhak, it would not have changed the outcome.

Furthermore, the alleged conduct that are asserted in the complaint were all -- our client had already discussed with plaintiff Yitzhak during his representation, and it was under -- it is our defense that plaintiff Yitzhak was aware of

everything that was going on.  Nothing was done outside of her knowledge and without her consent.

THE COURT:  All right.  Well, issue has been joined, you have answered, and you are just on the verge of beginning discovery now.

What does each side anticipate discovery will show here?  There is a lot of paper in the public record, it seems to me, that could be used to support your arguments, respectively.

Mr. Bluestone.

MR. BLUESTONE:  Well, the public record documents obviously are available to everybody, so those aren't really part of the discovery to any extent.

The email communications between Verner and his former clients in terms of the indemnification issue, emails and bank records concerning the million dollars which was paid to Verner for his clients and wasn't held for indemnification will be discovery issues.  And emails and communications between Verner and Yitzhak after he took on the case will be discoverable and important.

THE COURT:  All right.  Ms. Song.

MS. SONG:  Yes.  We agree with plaintiff's counsel regarding the public records, but at the same time we are discussing -- there are three underlying cases involved, your Honor.  Just from the amount of emails that we received from

1   our client, it just barely scratches the surface, and it's
2   extremely voluminous.
3          At this time we are actually considering hiring an
4   outside eDiscovery vendor to go through everything and make
5   sure that we don't miss anything, and that we comply with the
6   ESI discovery standard.  We believe that it will take some
7   time, but we are definitely looking at a voluminous amount of
8   documents that we will have to preview and prepare.
9          THE COURT:  What both of you are saying is going to
10  cost a lot of money, of course.  I see in the joint letter of
11  statements plaintiff has suggested a method of resolving this
12  matter which requires that defendants resolve judgment against
13  plaintiff and provide an attorney fee payment to plaintiff's
14  attorney.  Defendants are reviewing the proposal.
15         There is, of course, a magistrate judge designated on
16  this action, and I am going to send you to her.  I would like
17  you to have a settlement conference with her and see where the
18  settlement process goes before any more money is spent.  With
19  the exception that any paper that either side believes should
20  be exchanged because it would aid a possible early resolution
21  of this matter without need for additional litigation, you
22  should make those exchanges.  But other than that, I don't want
23  any more activity in this case until you see the magistrate
24  judge and see where the settlement process goes.
25         MR. BLUESTONE:  Understood, your Honor.

1      THE COURT: I am going to put that referral on the
2 docket, and I would like you -- I believe you will hear from
3 the chambers of Magistrate Judge Wang. I am hoping that she
4 could see you at the earliest possible opportunity. And I
5 would like you to strive for a date in the near term future --
6 in the near future, the earliest possible that works for
7 everybody.
8      MR. BLUESTONE: Yes, your Honor.
9      THE COURT: All right. Go ahead, Mr. Bluestone.
10      MR. BLUESTONE: We should wait for the magistrate to
11 reach out to us, yes?
12      THE COURT: I believe you'll hear from the magistrate
13 judge, that's correct, and I will put the referral on the
14 docket, and I will touch base with that chambers to make sure
15 that it happens that way.
16      MR. BLUESTONE: Yes, your Honor.
17      THE COURT: All right. Is there anything else anyone
18 would like to address today?
19      MR. BLUESTONE: Not by plaintiffs, your Honor.
20      MS. SONG: Not by defendants either, your Honor.
21      THE COURT: Please order the transcript and split the
22 cost so that we can remember what was discussed today.
23      And with that we are adjourned. Thank you.
24      MR. BLUESTONE: Ms. Song, could you take care of
25 ordering the transcript, and I'll reimburse you?

N7EQyitC

1       MS. SONG:  Yes, I will.
2       MR. BLUESTONE:  Thank you very much.
3       (Adjourned)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25