# THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

August 2, 2024

Hon. Ona T. Wang
US Magistrate Judge
500 Pearl Street
New York, New York 10007

    Re: Yitzhak, et al v. Verner, et al.
      1:23-cv-02084-MMG-OTW

Dear Judge Wang:

  On June 3, 2024, Plaintiffs served their Requests for Admission. **Exhibit 1**.
  On July 3, 2024, Defendants provided last-minute responses. **Exhibit 2**.
  For the reasons articulated in the attached **Exhibit 3**, these responses were defective and Defendants were afforded additional time to amend and supplement their responses. Despite Plaintiffs' good faith efforts at communication and to avoid motion practice, Defendants did not amend the responses or otherwise respond to **Exhibit 3**.

## APPLICABLE LAW

  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, at subsection (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit, the same reads:

> **(1)** A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.
>
> **(2)** If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the

> court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that
> **(A)** the request was held objectionable pursuant to Rule 36(a), or
> **(B)** the admission sought was of no substantial importance, or
> **(C)** the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or
> **(D)** there was other good reason for the failure to admit.

"In regard to Plaintiff's Requests for Admissions, the main purpose of Requests for Admissions is to simplify issues in the case by eliminating matters about which there is no real controversy. See, e.g., AmerGen Engery Co. v. U.S., 94 Fed.Cl. 413, 416 (Fed. Cl. 2010). Requests for Admissions may be used to request that an opposing party admit the truth of matters relating to facts, the application of law to facts, or opinions about either. See Fed. R. Civ. P. 36(a)(1); Kelly v. McGraw-Hill Cos., 279 F.R.D. 470, 472-73 (N.D. Ill. 2012). Continental Casualty Company v. Angelet-Frau et al.; Case 3:16-cv-02656-JAG-SCC; ECF Document 188, 02/15/2019.

"A responding party is also required to "fairly respond to the substance of the matter," Fed. R. Civ. P. 36(a)(4), and, where partially admitting or denying, specify with clarity the part admitted and/or the part denied, Fed. R. Civ. P. 36(a)(4); Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1015 (2d Cir. 1988). Where a responding party submits "evasive" answers, the Court can deem the matter admitted. Southern Ry v. Crosby, 201 F.2d 878, 880 (4thCir. 1953). A party submitting Requests for Admissions may also ask the court to award reasonable expenses, including attorneys' fees, if the responding party does not admit what is requested and the requesting party later proves the matter to be true. See Fed. R. Civ. P. 37(c)(2); see also, e.g., Magnetar Techs v. Intamin, Ltd., 801 F.3d 1150, 1161 (9thCir. 2015)." Continental Casualty Company v. Angelet-Frau et al.; Case 3:16-cv-02656-JAG-SCC; ECF Document 188, 02/15/2019.

## DEFENDANTS' DEFICIENT ANSWERS

Plaintiffs' statements in the Notice to Admit were articulated to narrow the issues between the parties.

In the first statement, Defendants are asked to either admit or deny that a motion was filed. It is either "yes" they did file the motion or "no" they did not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

In the third statement, Defendants are asked to either admit or deny that a malpractice claim was not timely filed. It is either "yes" it was or "no" it was not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

      In the fourth statement, Defendants are asked to either admit or deny that a claim was filed against Michael Botton. It is either "yes" it was or "no" it was not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

      In the fifth statement, Defendants are asked to either admit or deny that a claim was filed against James Quinn. It is either "yes" it was or "no" it was not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

      In the sixth statement, Defendants are asked to either admit or deny that a claim was filed against Elias Schwartz. It is either "yes" it was or "no" it was not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

      In the seventh answer, Defendants are asked to either admit or deny that a claim was filed against Jennifer Block. It is either "yes" it was or "no" it was not. Thus, the answer "Deny and object" is palpably insufficient, and should be deemed admitted.

      The use of "deny and object" or "admit and deny" at answers 9, 10 and 11 are also improper. Further, the objection that the admission calls for a legal conclusion is not a proper objection – even though Defendants are attorneys. Likewise, the explanatory verbiage beyond "deny" at 12 and "admit" at 13 and 14 is rejected.

      Lastly, the broad objections and refusals to answer at 15 and 16 are also improper and those statements should be deemed admitted.

      It is clear that the Defendants were intentionally being evasive in their responses which is precisely the kind of behavior sought to be avoided by the clarity in the statute.

## CONCLUSION

      Defendants' responses should all be deemed admissions. FRCP 36(a)(3). In the alternative, Plaintiffs request that the Court direct the Defendants to provide full and complete responses to the statements, be directed to pay Plaintiffs' legal fees for the making of this motion and for such other and further relief as to the Court appears just and proper.

      Respectfully submitted,

      THE WEINSTEIN GROUP, P.C.

      By: _____
      LLOYD J. WEINSTEIN, Esq.