

Grace Song
77 Water Street, Suite 2100
New York, New York 10005
Grace.Song@lewisbrisbois.com
Direct: 646.666.7706

August 16, 2024

**VIA ECF**
The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, 10007

    Re:  Lead Case:    Yitzhak, et. al. v. Verner, et. al., Southern District of New York
                                Case No.: 1:23-cv-02084

        Companion Case: The Law Offices of Erica Yitzhak, et. al. v. Verner, et. al., Case No.:
                                Eastern District Court of New York, Case No.: 2:24-cv-03552

Dear Judge Wang:

      Our firm represents Defendants Paul William Verner, Verner and Simon LLP, Verner and Simon, Verner and Simon, P.C. with respect to the above referenced lead case, and we represent Defendant Paul Verner, ("Defendant Verner") in the above-referenced companion case.

      We write to request that the Court consolidate the subject matter, which was filed on March 10, 2023, with the companion case captioned *The Law Offices of Erica Yitzhak and Erica T. Yitzhak, P.C. v. Troy Lambe, Max Diversified Inc., Sunray Solar Inc. and Paul Verner,* Case No.: 2:24-cv-03552 (the "EDNY Action"), which was subsequently filed on May 15, 2024, before the Eastern District Court of New York, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Plaintiffs in both actions are represented by the same counsel, The Weinstein Group, PC. Plaintiffs' counsel has not consented to the request to consolidate. Although the actions may seem different and irrelevant on the surface, the core underlying facts clearly establish a common nucleus of operative facts.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

144061089.1

August 16, 2024
Page 2

**Background**

In hindsight, both actions stem from the matter *Troy Lambe, Sunray Solar and Max Diversified v. Yossef Kahlon, Atlas Solar Holdings, and Erica T. Yitzhak, Case No. 13-cv-03126* ("Lambe Action") that was commenced on May 24, 2013. At that time, Defendant Verner represented the plaintiff parties - Lambe, Sunray Solar, and Max Diversified. Mr. Lambe and Ms. Yitzhak entered into a Settlement Agreement and agreed that Mr. Lambe will indemnify Ms. Yitzhak in the event Kahlon commences a legal malpractice action against Ms. Yitzhak, and to appoint Defendant Verner as Ms. Yitzhak's defense counsel in the legal malpractice action. Mr. Lambe receive approximately $600,000 from the settlement with Ms. Yitzhak and received $1 million jury award. The funds were deposited to Defendant Verner's IOLTA account where the legal fees were deducted, and the remaining funds were transferred to Mr. Lambe.

Ultimately, on March 11, 2016, Kahlon commenced a legal malpractice action, captioned *Kahlon, et. al. v. Yitzhak, et. al.,* ("Yitzhak Malpractice") Index No. 601659/2016, against Ms. Yitzhak for her legal representation of Kahlon and Atlas during the matter *Atlas and Kahlon v. Sunray, Lambe and Max Diversified, Index No. 57465/2012* ("Atlas Action"). Pursuant to the Settlement Agreement, Defendant Verner represented Ms. Yitzhak and Mr. Lambe provided the defense costs. Kahlon claimed that the $1 million jury verdict awarded to Mr. Lambe was a result of Ms. Yitzhak's legal malpractice. Kahlon prevailed on summary judgment and received a judgment of $1 million plus interest against Ms. Yitzhak – which brings us this action and the companion action.

In May 2024, Plaintiffs commenced the companion action seeking financial documents regarding the funds that Defendant Verner received before they were transferred to his client at that time, Mr. Lambe. Plaintiffs claim that the companion action is simply turnover proceeding seeking the production of financial documents that is different than the subject action before the Court. We disagree.

In Plaintiffs' First and Second Demand for Production of Documents and Things, Plaintiffs demand all documents including copies of all checks, invoices, and billings, regarding the settlement proceeds from the Lambe Action. (Exhibit A, and Exhibit B).

**Legal Analysis**

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> Consolidations of actions under Rule 42(a) may be ordered if they involve a common question of law or fact. The decision to consolidate is left to the sound discretion of the district court. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2nd Cir. 1990). Typically, considerations of judicial economy favor consolidation, but "the benefits of efficiency can never be purchased at the cost of fairness."

August 16, 2024
Page 3

*Malcolm v. National Gypsum Co*., 995 F.2d 346, 350 (2nd Cir. 1993).

>   The Second Circuit has articulated the following guidelines for determining the issue:
>
>   > Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*See*, *Celotex Corp*., 899 F.2d at 1285 (alteration in original) quoting *Hendrix v. Raybestos-Manhattan, Inc*., 776 F.2d 1492, 1495 (11th Cir. 1985)(citation omitted)).

There is no dispute that the two cases involve common questions of both law and fact. The companion action is only a smaller portion of the bigger part of the present action before this Court. Together, the claims arise from a common nucleus of operative facts, based on allegations involving and against Defendant Verner for his legal services in the Yitzhak Action.

In both cases, Plaintiffs will have to demonstrate that Defendant Verner has the funds to satisfy the judgment entered against Ms. Yitzhak. The fact witnesses, including the parties named in both suit, will be deposed on both matters and the burdens of proof and the laws which apply will be the same.

Plaintiffs commenced the subject legal malpractice action as one avenue to access the funds that were allegedly withheld, and the companion action is another avenue for the same alleged funds. Consolidating these actions will avoid unnecessary costs and duplicative efforts by the court, the parties, and their counsel. As this Court held in *Kristal v. Mesoblast Ltd.,* No. 20-CV-08430 (S.D.N.Y. Dec. 23, 2020), consolidation is appropriate given the overlapping questions of law and fact, and "in light of the 'well recognized' principle that consolidation often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs,'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007).

The forgoing does not constitute any waiver of Defendants' rights, remedies, positions and/or arguments that are not yet made or not made above.

August 16, 2024
Page 4

                Very truly yours,

                /s/ Grace Song

                GRACE SONG for
                LEWIS BRISBOIS BISGAARD &
                SMITH LLP

GS