# THE **WEINSTEIN** GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

September 18, 2024

Hon. Ona T. Wang
US Magistrate Judge
500 Pearl Street
New York, New York 10007

        Re:    Yitzhak, et. al. v. Verner, et. al.,
               1:23-cv-02084

Dear Judge Wang:

      Kindly accept this letter in opposition to Defendants' second request for an extension of discovery in this matter. As the Court will recall, by letter application dated July 19, 2024, Defendants sought their first adjournment of discovery (ECF 49). To justify the delay by Defendants, they cited motion practice of Plaintiffs' outgoing attorney. The Court granted Defendants' application in its Order of ECF 52, dated July 25, 2024, extending the time to complete discovery to September 13, 2024. Since that time, until September 11, 2024, Defendants took no action in the matter, including the failure of Defendant to comply with Plaintiff's discovery demands. As discovery was ordered completed by September 13, 2024, Defendants demands should have been served no later than August 14, 2024 and were timely and properly rejected when received on September 11.

      Defendants now come to the Court to request yet another extension to conduct discovery. The stated reason for the request is that there is a global settlement to be had. Counsel asserts, "all the key parties in the pending litigations listed above are working towards a global settlement." The undersigned is counsel to Ms. Yitzhak and her office in this matter, the claim for malpractice against Verner. I am also her counsel in defending the Judgment by Kahlon. Thus, if there were settlement discussions prior to the filing of the request for an extension, I would certainly be aware of them. The Court is also respectfully referred to the exhibit provided by Defendants. It is a declaration by Ms. Yitzhak's bankruptcy counsel suggesting a global settlement. The Court will see that it is already a month after that declaration was filed, yet no settlement discussions have occurred in that time. In fact, counsel at Lewis Brisbois recently told Ms. Yitzhak's bankruptcy counsel that she could not even begin to have a settlement discussion until some time in October.

The law firm of Lewis Brisbois is at the beginning and ending of any settlement in the matters. Lewis Brisbois represents Verner, the party with liability to Yitzhak. Yitzhak is indebted to Kahlon, who is also represented by Lewis Brisbois. It is Lewis Brisbois who controls the entire matter: their payment on the claims against Verner, which they control, will be used in part to settle the claims of Kahlon, for whom they also work. This dubious situation aside, it is of little import at the moment as there have been no settlement discussions.

To further demonstrate the lack of credibility in the use of settlement as a basis for delay, the Court is respectfully advised that on July 16, 2024, the undersigned wrote to Defendants' counsel with a settlement demand. This demand has <u>never</u> been answered. In fact, all of this is admitted in the letter motion by Defendants.

Thus, Defendants' sole basis for the delay – that the parties are working towards resolution – is demonstrably false and should not result in further delay of this matter, especially since it is Defendant's counsel that is delaying settlement by failing to respond to me and by failing to make themselves available to Bankruptcy counsel.  While settlement discussions are always encouraged between the parties, they should not delay the progress of a litigation, including discovery.

However, the undersigned is additionally obligated to report an attempted deception of the Court. For the second time, Attorney Grace Song has intentionally provided a wrong caption to the Court to create a connection that does not exist.  The correct caption for the turnover proceeding is The Law Offices of Erica T. Yitzhak, et. al. v. **Lambe**, et. al. – EDNY Case No. 2:24-cv-03552-RER-SIL (the "Lambe turnover proceeding"). That matter began as a turnover action in State Court but the attorneys of Lewis Brisbois removed the matter to Federal Court in the Eastern District of New York after Verner defaulted on the Subpoena served upon him.

Verner's dilatory tactics were on full display in the Order of September 16, 2024 in the Lambe turnover proceeding before Magistrate Judge Steven I. Locke, attached. The Court granted Ms. Yitzhak's motion to compel discovery responses that were overdue, rejected the specious argument of counsel at Lewis Brisbois and directed compliance with overdue discovery without further objection or delay.

Given that Attorney Grace Song was present in Court in the Lambe turnover proceeding, that it was she who advanced an argument of which Magistrate Judge Locke was notably skeptical, it can be no accident that she intentionally provided the wrong caption of the Lambe turnover proceeding in her letter motion to this Court. To avoid any doubt of this intentional act, this is also the second time that I have corrected Ms. Song's intentional deception of the Court.

      Defendants are merely seeking more delay without basis. They failed to serve discovery when required. They failed to respond to discovery when required, and the response they served was inadequate, which is the subject of a separate application. They sought and already received an extension to conduct discovery, which they then squandered and let lapse again. Now, the stated reason for the additional delay is because there is a possible settlement discussion, which is not only unsupported but directly refuted.

      Defendants' application should be denied in its entirety.

      Respectfully,

THE WEINSTEIN GROUP, P.C.

LLOYD J. WEINSTEIN, Esq.