# THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

November 19, 2024

Hon. Ona T. Wang
US Magistrate Judge
500 Pearl Street
New York, New York 10007

      Re:    Yitzhak, et al. v. Verner, et al.
               Case No.: 1:23-cv-02084

Dear Judge Wang:

    Kindly accept this letter in response to the opposition to Plaintiffs' letter motion and in support of the underlying application.

    As is set forth in the Exhibits filed with the letter motion, on October 24, 2024, Plaintiffs made a good faith effort at narrowing the scope of the document demand and suggested a meet and confer as directed by this Court. Defendants did not respond regarding the meet and confer. It was not until November 8, 2024 that Defendants first requested a meet and confer. I responded within 11 minutes of receipt of that email and advised when I was available. <u>I received no further response from Defendants' counsel.</u> The due date for production was November 15, 2024. Defendants made no production of any kind by November 15, nor has anything been produced since that time.

    The Court's Order of October 16, 2024 was issued as a result of Defendants' continuing failure to respond to discovery. Thus, the determination not to cooperate with discovery is ongoing.

    "Sanctions that may be imposed under Rule 37(d) include, among others, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" and "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A), (d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3)." *Bateman v. Permanent Mission of Chad*, 18-CV-00416 (PMH), 5 (S.D.N.Y. Mar. 15, 2021)

    On November 18, 2024, counsel for Defendants' provided notice of the intention to seek an extension. On behalf of Plaintiffs, I responded within 8 minutes. This exchange is attached as **Exhibit 1**. As the Court can see, Plaintiffs offered to

Defendants the opportunity to provide some (any) documentation in response to the discovery demands, but nothing was received.

Defendants' refusal to cooperate with discovery has been a hallmark in this matter. For example, on July 19, 2024, Defendants moved by letter motion to extend the time to complete discovery; next on September 13, 2024, Defendants moved for a further extension. At the appearance on October 16, 2024, at Defendants' request, discovery in the matter was delayed even further so Defendants could finally cooperate with discovery. The Court was very clear regarding Defendants' obligation to cooperate with discovery.

The date when the Court directed that documents were to be produced has passed without production or even communication by the Defendants. Defendants' conduct cannot be tolerated further by this Court. The matter has been extended two prior times as a result of confusion and delay caused by Defendants. There must be consequences for such recapitulated conduct. FRCP Rule 37.

Plaintiffs respectfully request this Court's permission to move to strike the Answer of the Defendants for their continued refusal to cooperate with discovery and their disobedience of this Court's very clear directives, seeking the costs, fees and legal fees for the making of the application.

                Respectfully,

                THE WEINSTEIN GROUP, P.C.

                LLOYD J. WEINSTEIN, Esq.