**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ERICA T. YITZHAK, et al., :
:
                Plaintiffs, :        23-CV-2084 (MMG) (OTW)
:
                -against- :
:        **ORDER**
PAUL WILLIAM VERNER, et al., :
:
                Defendants. :
:
:
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' letters at ECF Nos. 68, 69, 70, 73, and 74.

**I.    PLAINTIFF'S MOTIONS FOR DISPOSITIVE SANCTIONS**

At the October 15, 2024, status conference, the Court strongly encouraged the parties to take a flexible approach to discovery, including by engaging in rolling production and communicating with each other about disputes "in a way that is working towards the goal of completing discovery." (ECF 71 at 38-39).

Unfortunately, the Court's guidance fell on at least one set of deaf ears. Per the October 15 conference, Defendants were directed to serve their responses and objections to Plaintiff's discovery demands by November 15, 2024, and the parties were further directed to file a 26(f) report on the same date. (ECF 66). On Saturday, November 16, 2024, Plaintiff's counsel, Lloyd Weinstein, filed ECF 67, seeking the extreme sanction of striking Defendants' answer because defense counsel was too "busy" and "refus[ed] to communicate" with him, and they had not received Defendants' responses and objections.

Plaintiff filed another letter on Tuesday, November 19, asserting that Defendants were still refusing to "cooperate with discovery," and again moving to strike the Answer. (ECF 70). Plaintiff again sought to strike the Answer by letter motion on December 11, 2024, (ECF 73), admitting that although Defendants produced documents, the discovery produced was too "voluminous" for their liking and contained an unknown number of documents that they claimed were non-responsive and included to "bulk up and make the production look more substantive." (ECF 73-1).

Plaintiff levels serious charges of bad faith, deceit, and delay against defense counsel while immediately seeking dispositive sanctions. What Plaintiff failed to disclose, however, is that defense counsel had previously disclosed a pre-planned medical procedure on October 28, 2024, and while in the hospital, she contracted COVID-19 and was "busy" being sick for nearly two weeks. (ECF 69). Plaintiff also omitted that the parties did meet and confer on November 22, 2024, and that the parties had their first mediation session on December 4, 2024, with the goal of global settlement, with a subsequent session scheduled for December 23, 2024. (ECF 74).

Plaintiff has thrice sought dispositive sanctions under Fed. R. Civ. P. 37, leapfrogging to subsection (b) of the rule. In each of these requests, Plaintiff failed to include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's selective disclosure of facts material to the discovery dispute also gives the Court pause. The arc of Plaintiff's letter briefs is telling; while Defendants' counsel was hospitalized, Plaintiff's counsel sought dispositive sanctions for Defendants' failure to timely

2

produce documents. After Defendants produced the documents, Plaintiff again sought dispositive sanctions, but now because the documents were not produced in the way that Plaintiff would have preferred. There was no apparent deficiency letter or other meeting and conferring about the production; rather, Plaintiff again defaulted to the most severe sanction without considering other relief. This approach was certainly not consistent with the spirit or letter of my instructions from the October 15 conference. Accordingly, Plaintiff's motions for sanctions (ECF 68, 70, 73) are **DENIED.**

## II. DISCOVERY DEADLINES

The Court previously extended the fact discovery deadline to December 6, 2024, without prejudice to further extensions. (ECF 66). Given the above, the fact discovery deadline is hereby **EXTENDED nunc pro tunc** to **February 14, 2025,** without prejudice to further extensions. The Court again emphasizes that the parties should strive to work cooperatively throughout discovery, including by engaging in, where appropriate, rolling production. If the parties anticipate needing a further extension of discovery, such a request can and should be filed on the docket.

## III. BRIEFING SCHEDULES FOR MOTION FOR SANCTIONS

Engaging in briefing over dispositive sanctions is not consistent with engaging in good faith mediation. Indeed, the Court questions the efficacy of any mediation where counsel has been engaged in such contentious discovery practice. Accordingly, discovery is hereby **STAYED** until at least **December 31, 2024.** Plaintiff's counsel is directed to review Rule 37 in its entirety, paying special attention to Rule 37(a)(5) and its cost shifting provisions. If, after reviewing Rule 37 and, <u>if and only if mediation is unsuccessful</u>, counsel intends to make a motion for sanctions

concerning the events up to and around Defendants' December document production, that motion shall be filed no later than **January 3, 2025.** Defendants' opposition, if any, is due **January 17, 2025.** There will be no replies. Such motion, if filed, must include a certification of the parties' good faith efforts to meet and confer that considers Defendants' counsel's hospitalization. This briefing schedule may be adjourned if the parties are continuing on productive mediation sessions.

Similarly, if Defendants intend to seek costs under Rule 37(a)(5) for responding to ECF 68, 70, and 73, they should only do so after the parties have exhausted their attempts to mediate in good faith.

The Clerk of Court is respectfully directed to close ECF Nos. 68, 70, and 73.

**SO ORDERED.**

Dated: December 19, 2024
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge